IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-00134 |
| ) | JUDGE HAYNES |
| CORDARREL BUFORD, ) | |
| ) | |
| Defendant. ) | |

ORDER

Before the Court is the Defendant's motion for retroactive designation (Docket Entry No. 41) seeking prior custody credits for his time in state custody and designation of his federal and state sentences as concurrent. To date, the United States has not responded.

A district court "...has the discretion to order that a federal sentence run consecutively [or concurrently] to an anticipated state sentence that has not yet been imposed." Monroe Setser v. United States, 132 S.Ct. 1463 (2012). Under 18 U.S.C. § 3621 (b) the Bureau of Prisons shall designate the place of the prisoner's imprisonment subject to certain conditions. Under 18 U.S.C. § 3584 "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."

Here, at the time of his federal sentencing, the Defendant was not in state custody, but his pending state charge was relevant conduct to the Defendant's federal charge in Case No. 3:09-00221, and was used to increase the Defendant's base offense level by 2 points under U.S.S.G. 2K2.1(b)(1)(A). 3:09-00134 Docket Entry No. 36 and 3:09-00221 Docket Entry No. 82.

1

The Defendant wrote a letter to the Bureau of Prisons seeking credit toward his federal sentence for his time in state custody, citing his state plea agreement's provision for concurrent sentences. The Bureau of Prisons requested the Court's position and the Court responded that the issue was not raised at sentencing and that "[a]bsent a presentation of the issue with each party having an appropriate opportunity to respond, I cannot address the merits of the Defendant's request." (Docket Entry No. 41 Attachment D thereto).

On May 21, 2013, the Defendant's counsel consulted with Ms. Alicia Vasquez, U.S. Bureau of Prisons resident counsel who advised that the Bureau of Prisons would honor this Court's view on a retroactive designation for the Defendant and if the Court agreed, the Defendant's federal sentence would be concurrent with his state sentence and Defendant would be awarded credit toward his federal sentence nunc pro tunc to July 6, 2009.

Upon consideration, this motion is **GRANTED** and the Court concurs with the Bureau of Prisons for a retroactive designation for the Defendant so that his federal sentence shall be served concurrently with his state sentence and that the Defendant's federal sentence be served in the Tennessee Department of Corrections with credit towards his federal sentence nunc pro tunc to July 6, 2009.

It is so **ORDERED**.

ENTERED this the 27th day of September, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court